IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00565-WYD-CBS

JERRY W. McCLENNY,
an individual; and
TAMI S. McCLENNY,
an individual,

    Plaintiffs,

v.

SECURITY TITLE GUARANTY CO.,
a Colorado corporation, d/b/a Security Title
Guaranty of San Miguel County, Inc.;
MICHAEL E. CATLIN,
an individual; and
LYSA M. CATLIN,
an individual,

    Defendants.

## STIPULATED PROTECTIVE ORDER

The parties, jointly and through and through their undersigned counsel and pursuant to Fed. R. Civ. P. 26(c), file and move this Honorable Court for entry of a Stipulated Protective Order, and as grounds therefore state as follows:

WHEREAS, the parties acknowledge and represent that they have documents and information that are confidential in nature within the meaning of Fed. R. Civ. P. 26(c), the maintained privacy of which documents and information outweighs the public interest in the public disclosure of such, and which documents being produced and/or obtained in this litigation will be regarded as proprietary and confidential by the party providing or producing them; and

WHEREAS, it is anticipated that pleadings and other papers in this matter, may include reference to documents regarded as confidential and proprietary by the party producing them or

otherwise refer to confidential and proprietary information; and

WHEREAS, documents or information containing confidential proprietary and business information ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation; and

WHEREAS, the parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information; and

WHEREAS, the parties are agreed that no disclosure of such proprietary and confidential documents should occur except as necessary for the purposes of this litigation; and

WHEREAS, the protection stipulated to by the parties is the most appropriate means for protecting the fairness of the judicial and discovery process; and

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the entry of a protective order such as is contained here; and

WHEREAS, to protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue; then

IT IS AGREED by and among the parties that:

1.      Until further Order of this Court or stipulation of the parties, all disclosures and/or discovery in this action may be designated in accordance with this Stipulated Protective Order.

2.      As used herein, "trial counsel" shall mean those attorneys who are partners, members or associates of any law firms employed by the parties, including those members of a corporate party's office of general counsel and who are charged with the responsibility for, and actively engaged in, preparation for and conduct of the trial in this action, as well as any of trial counsels' respective secretaries, legal assistants, and other employees.

3.  In connection with discovery in this action, any information deemed by the party producing it to be confidential or proprietary in nature, including, without limitation, information contained in documents, things or objects, answers to interrogatories, deposition testimony, or any other form obtained during discovery in this action, may be designated as "confidential information" by the producing party and will be subject to the terms of this Stipulation and Protective Order. Such information may include material which contains or reflects proprietary, financial, confidential, personal or private information.

4.  "Confidential information" shall include all documents, things or objects, or any information in other form, produced by a party, which has been designated as "Confidential" in the following manner:

   (a) by stamping each page of each document to be designated as confidential with the designation "Confidential";

   (b) by imprinting the designation "Confidential" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission;

   (c) all deposition transcripts shall be confidential for a period of thirty (30) days after receipt of the transcript from the court reporter; thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be confidential shall be confidential. The party designating a portion of a deposition transcript as confidential shall provide written notice to all other parties by listing the page and inclusive line numbers of the material to be kept confidential. In any deposition transcript in which any portion of the transcript has been designated "confidential" by any party, the court reporter,

the party holding the original and each party with a copy, shall imprint the word "Confidential" on the front page of the deposition transcript with a notation as to which pages are confidential. In addition, each page or pages designated as "Confidential" shall bear a "Confidential" stamp. A deposition containing confidential information shall not be filed with the Court unless placed in a sealed envelope bearing the designation provided for in paragraph 12 hereof;

(d) by describing in writing and in reasonable detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept confidential; and

(e) by affixing to the canister, cassette or disk of all videotapes the designation "Confidential."

In lieu of marking the original documents, the producing party may mark the copies that are produced or exchanged, and the fact that the original documents themselves may not contain "Confidential" markings shall not constitute a waiver of confidentiality.

5. The obligation to designate information as "Confidential" matter shall be upon the party producing it. Except with respect to deposition testimony and discovery from individuals or companies who are not parties to this action (hereinafter "third parties"), such designation shall occur at the time of production, subject only to ¶ 4(c) hereof.

6. Any information designated as "Confidential" shall not be disclosed to any person other than:

(a) The parties;

(b) Trial counsel for the parties;

(c) Court personnel and employees, including stenographic reporters;

(d) Any other person upon order of the Court in the interest of justice or written stipulation of the Producing Party;

(e) Outside consultants or experts retained for purposes of testifying or assisting trial counsel in the litigation; and

(f) Witnesses in preparation for and at depositions and trial.

(g) Deposition stenographic and video reporters.

**Provided, however**, that in all such cases in which the individual to whom disclosure is to be made falls within any of the above subparagraphs (e), (f) or (g), such individual must execute, under oath, the form of Agreement to be bound by this Stipulated Protective Order attached hereto as Exhibit A; and, **provided, further**, that the trial counsel who disclosed the confidential information to any such individual or individuals keeps the original of said Agreement.

7. This Stipulated Protective Order applies to all discovery produced by third parties in this action that is designated as confidential by a party. This Order also applies to all discovery produced by third parties in this action that is designated as confidential by the third parties, but only if such third parties agree to be bound by the terms of this Order by executing the form of agreement attached hereto as Exhibit A.

8. No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to reveal confidential material. The deposition must proceed upon the following basis: Prior to answering the deposition question or questions, all persons present shall be advised of the terms and conditions of this Stipulated Protective Order and, at the request of the designating party, all persons not authorized to receive confidential material under this Order shall leave the room during the time in which this material is disclosed or discussed.

9. Any person to whom disclosure of confidential information is made pursuant to the

terms and conditions contained herein shall use such information only for the purposes of this action and preparation for the trial of this action. Any such person is specifically forbidden from using any and all confidential information for business, competitive or other purposes.

10. The inadvertent or unintended disclosure by the supplying party of confidential information, without designating it as confidential as provided herein, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. However, any use of this information prior to the designation as "confidential information" is not a violation of this Stipulated Protective Order. Nothing in this Order shall restrict a party or its trial counsel from using or disclosing information which they already possess or may acquire by proper means in the future independent of the formal discovery process in this action; provided, however, that nothing herein shall limit the parties' rights and obligations to maintain the confidentiality of documents and information in accordance with any prior agreement, or as otherwise provided by law. This Stipulated Protective Order shall not prohibit a party's trial counsel from contacting any person merely because that person's identity is disclosed in information that has been designated as confidential. No confidential information, however, may be disclosed in any form to such a person except as otherwise consistent with this Stipulated Protective Order.

11. A party shall not be obligated to challenge the propriety of another party's designation of information as "confidential" at the time said designation is made, and the failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation, by the supplying party, of any information as "confidential," the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the challenging party may seek appropriate relief from the Court, with the burden on the designating party to show the confidential nature of the

information. Nothing herein shall preclude a party from seeking an expedited ruling from the Court as to the confidential nature of the information; provided, however, that such party shall first give advance written notice to the other party and make the necessary showing as to why expedited relief is appropriate.

12. The Clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, affidavits, memoranda of law and other papers filed in this litigation which have been designated by counsel, in whole or in part, as "Confidential." The party filing such materials shall instruct the Clerk of Court in writing of the confidential nature of the materials and shall file the materials in a sealed envelope marked "FILED UNDER SEAL." This Protective Order shall not preclude or prohibit electronic filing of pleadings with the Court. To that end, pleadings containing reference to or quotations from documents subject to the Protective Order shall be filed with redaction of the confidential information and/or attachments. The original (unredacted) documents containing reference to and/or attachment of documents subject to the Protective Order shall be promptly delivered to the Court under seal within a reasonable time after the electronic filing of the redacted pleading. In addition, the unredacted documents and/or pleadings, containing reference to and/or attachment of documents subject to the Protective Order shall be promptly delivered to all opposing counsel. **THIS PARAGRAPH DOES NOT SUPERCEDE PARTIES OBLIGATION TO COMPLY WITH LOCAL RULE 7.2**.

13. If trial counsel intends to introduce into evidence at trial any confidential information he or she shall so inform the Court and opposing counsel, and the Court will take such steps as it may deem reasonably necessary to preserve the confidentiality of such information.

14. There shall be no reproduction whatsoever of any confidential information, except as required in this litigation. Copies, excerpts, or summaries of confidential information, including

but not limited to affidavits, briefs, and memoranda of law, may be shown or given only to those authorized with access to confidential information pursuant to this Stipulated Protective Order, and the terms of which shall apply, in full, to any such copies, excerpts or summaries.

15. Upon the final determination (including all appeals) of this action, trial counsel for each party shall within thirty (30) days of such determination, either return to the furnishing party or destroy (and promptly certify to the other party that this destruction has occurred) all documents and deposition transcripts marked confidential in its possession.

16. At the request of any party and upon final determination of this action (including all appeals), the Clerk of the Court shall return any item filed under seal to the filing party. Costs of returning any documents shall be borne by the requesting party. Trial counsel for the requesting party shall notify the trial counsel for the other party at the time the request for the return of the items filed under seal is made.

17. The obligations described in this Stipulated Protective Order shall remain in effect subsequent to the termination of this action so as to protect the confidentiality of the discovery, and this Court shall retain jurisdiction over the persons bound by this Stipulated Protective Order for the purpose of enforcing the same.

18. Violations of this Stipulated Protective Order shall, in addition to any other legal remedies available to the parties, be subject to the contempt powers of this Court and such other sanctions as the Court may deem appropriate.

DATED: June 8, 2009.

                    Respectfully submitted,

                    s/ *Mark D. Gruskin*
                    Mark D. Gruskin
                    SENN VISCIANO P.C.
                    1801 California Street, Suite 4300
                    Denver, Colorado  80202
                    Telephone:  (303) 298-1122
                    Facsimile:  (303) 296-9101
                    Email: mgruskin@sennlaw.com
                    ATTORNEYS FOR PLAINTIFFS

                    s/ *Ivan M. Call*
                    Ivan M. Call
                    KARSH, FULTON, GABLER & JOSEPH P.C.
                    950 South Cherry Street
                    Denver, Colorado  80246
                    Telephone:  (303) 759-9669
                    Facsimile:  (303) 782-0902
                    Email: icall@karshfulton.com
                    ATTORNEYS FOR DEFENDANT
                    SECURITY TITLE GUARANTY CO.

                    s/ *Michael A. Rollin*
                    Michael A. Rollin
                    REILLY POZNER LLP
                    511 Sixteenth Street, #700
                    Denver, Colorado  80202
                    Telephone:  (303) 893-6100
                    Facsimile:  (303) 893-6110
                    Email: mrollin@rplaw.com
                    ATTORNEYS FOR DEFENDANTS
                    MICHAEL AND LYSA CATLIN

DATED at Denver, Colorado, this 12th day of June, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**EXHIBIT A**

**Certificate re Protective Order**

**Acknowledgment and Agreement to be Bound**

The undersigned hereby acknowledges that (s)he has read the attached Protective Order entered in the action *Jerry W. McClenny and Tami S. McClenny v. Security Title Guaranty Co., et al.*, pending in the United States District Court for the District of Colorado, understands the terms thereof, and agrees to be bound by such terms. The undersigned further agrees to submit to the jurisdiction of the above-referenced Court for any action to enforce the terms of the Protective Order.

Dated: _____          _____
                                                              Signature

                                                     _____
                                                     (Type or print name of individual)